[Civ. No. 1869.   Second Appellate District.—May 23, 1917.]

## E. A. HARDISON PERFORATING COMPANY (a Corporation), Respondent, v. J. F. DAVIES et al., Appellants.

CLAIM AND DELIVERY — DEMAND BEFORE COMMENCEMENT OF ACTION— PLEADING—SUFFICIENCY OF COMPLAINT.—In an action of claim and delivery, the complaint sufficiently shows that demand was made for the possession of the property before the commencement of the action, where it is alleged that the plaintiff on a stated day "demanded" possession and that the defendants "refused and now refuse" delivery, notwithstanding that the day stated was the day on which the complaint was filed.

APPEAL from a judgment of the Superior Court of Kern County, and from an order denying a new trial. Paul W. Bennett and Howard A. Peairs, Judges.

The facts are stated in the opinion of the court.

Geo. E. Whitaker, for Appellants.

E. L. Foster, and Chas. A. Barnhart, for Respondent.

WORKS, J., *pro tem.*—This is an appeal from the judgment and from an order denying a motion for a new trial.

The respondent delivered to the Hibernian Petroleum Company certain tools and implements, which were put to use by that corporation in an attempt to produce oil from a certain tract of land which it held under lease from appellant Davies. The Hibernian Company forfeited the lease and Davies, at the time of his re-entry upon the land, seized the personal property above mentioned as also forfeited to him under a certain provision of the lease. The Hardison Company commenced this action of claim and delivery for the recovery of the tools and implements, upon the theory that they had been loaned to the Hibernian Company and that the respondent had never parted with title to them. The respondent recovered judgment.

The appellants contend that the delivery of the personal property to the Hibernian Company was not a loan, but a sale, and that the evidence fails to sustain the finding of the trial court that the respondent was entitled to the possession

of the articles at the time the action was commenced. The witness Deuel, the vice-president and manager of respondent, has this to say of the delivery to the Hibernian Company: "The Hardison Company didn't dispose of its title to the property. It never has. I didn't receive any money from anybody for those tools. This is true in reference to every item on that list." On cross-examination he said further, referring to the president of the Hibernian Company: "I practically loaned him these tools with the price put on in case he lost any of them, because a great number of friends of mine were interested in the company. I was myself. I considered on account of these things it was best to let them use the tools." One of the directors of the Hibernian Company testified that the president of that corporation told the directors that the delivery of the tools to the company was "practically a loan, . . . and we will never be asked to pay for them." While these statements are largely conclusions and, under all the circumstances of the case, might have been regarded by the trial judge with suspicion, he was the sole judge of their weight and they are sufficient to support the finding which appellants assail.

The appellants insist that there was no showing that the commencement of the action was preceded by a demand that appellants deliver up the tools and implements. The complaint alleges, after setting out a list of the articles claimed, that on a certain day "the plaintiff demanded of the defendants the possession of the said personal property and the defendants refused and now refuse to deliver said personal property to the plaintiff," and the allegation was not denied in the answer. The difficulty is, however, appellants insist, that the day on which demand is thus alleged to have been made was the day upon which the complaint was filed. They contend for the rule that a pleading is to be construed most strongly against the pleader, and assert that such a construction shows the demand to have been made. after, not before, the filing of the complaint. There are several obstacles to such a construction. A statement in the complaint indicating that demand was made after its filing would have been futile; and a construction showing the futility of an allegation in a pleading will not lightly be made as against a possible construction exhibiting its utility. Again, the allegation is that plaintiff, on the day mentioned, "demanded," and that de-

fendants "refused and now refuse," delivery of the property. The use of these terms demonstrates that the past and not the future was in the contemplation of the pleader.

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 19, 1917.